**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------- x
                                                   :
In re:                                             :      Chapter 11
                                                   :
OUTER HARBOR TERMINAL, LLC,¹                       :      Case No. 16-10283 (LSS)
                                                   :
                                                   :
                    Debtor.                        :
-------------------------------------------------- x
```

**DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL
ORDERS (I) DETERMINING ADEQUATE ASSURANCE OF PAYMENT
FOR FUTURE UTILITY SERVICES; (II) PROHIBITING UTILITY
COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES;
(III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE
ASSURANCE OF PAYMENT; AND (IV) SCHEDULING A FINAL HEARING**

Outer Harbor Terminal, LLC, the debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case, hereby files this motion (the "Motion") seeking entry of an interim order (the "Interim Order"), substantially in the form attached hereto as **Exhibit A**, and a final order (the "Final Order"), substantially in the form attached hereto as **Exhibit B**: (i) determining adequate assurance of payment for future utility services; (ii) prohibiting utility companies from altering, refusing, or discontinuing services; (iii) establishing procedures for determining adequate assurance of payment; (iv) scheduling a final hearing; and (v) granting certain related relief, as described more fully herein.  In support of this Motion, the Debtor respectfully states as follows:

**Jurisdiction**

1.      This Court (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

---

¹      The last four digits of the Debtor's federal tax identification number are 2070.  The Debtor's principal place of business is located at 1599 Maritime Street, Oakland, CA 94607.

The Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a) and 366 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 6003 of the Federal Rules of Bankruptcy Procedure ( as amended, the "Bankruptcy Rules"), and Rule 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## Background

4.      On February 1, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor continues to operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner and no committee has been appointed or designated in this chapter 11 case.

5.      Formed in 2009, the Debtor is a privately-owned, limited liability company headquartered in Oakland, California that provides container terminal operations and stevedore services at the Port of Oakland (the "Port"), the fourth largest port on the west coast of the United States.  The Debtor's principal operations consist of: (i) the offloading and onloading of containers from cargo ships that berth at the Port; (ii) loading the offloaded containers on to trucks so that they may delivered from the Port to their ultimate domestic destination; and (iii) providing various logistical services to the Debtor's customers in connection with the foregoing. The Debtor operates from leased berths and terminal space that are owned by the Port.

6.      Prior to the Petition Date, following years of the Debtor operating at a loss and sustaining material, negative cash flows, the Debtor's members voted to terminate and wind down the Debtor's business operations.  The Debtor commenced the wind down on or about January 19, 2016 and intends to continue that process through the chapter 11 case.

7.      Additional information regarding the Debtor's business, assets, capital structure, and the circumstances leading to the filing of this chapter 11 case is set forth in the *Declaration of Heather Stack, Chief Financial Officer, in Support of Chapter 11 Petition and First Day Pleadings of Outer Harbor Terminal, LLC, Debtor and Debtor in Possession* (the "First Day Declaration"), which is being filed contemporaneously herewith.

**Utility Services and Proposed Adequate Assurance**

**I.     Utility Services and Utility Companies**

8.      In connection with the operation of its business, the Debtor obtains electricity, water, waste disposal, and other similar services (collectively, the "Utility Services") from a number of utility companies (collectively, the "Utility Companies").   A list of the Utility Companies and their affiliates that provide Utility Services to the Debtor as of the Petition Date (the "Utility Services List") is attached as **Exhibit 1** to the proposed orders attached hereto.[2]  The relief requested herein is requested with respect to all Utility Companies providing Utility Services to the Debtor, regardless of whether they are listed on **Exhibit 1** to the proposed orders attached hereto.

9.      To the best of the Debtor's knowledge, there are no defaults or arrearages with respect to the Debtor's undisputed invoices for prepetition Utility Services.  On average, the Debtor pays approximately $221,500 each month for Utility Services, calculated as a historical

---

[2]     The inclusion of any entity on, or the omission of any entity from, the Utility Service List is not an admission by the Debtor that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtor reserves all rights with respect to any such determination.

average over a twelve-month period ended December 31, 2015. Accordingly, the Debtor estimates that its cost for Utility Services during the next thirty (30) days (not including any deposits to be paid) will be approximately $221,500.

## II.    Proposed Adequate Assurance of Payment

10.    The Debtor intends to pay postpetition obligations owed to the Utility Companies in a timely manner. As the Debtor conducts an efficient and orderly wind-down of its operations, the Debtor anticipates eventually discontinuing services from certain of the existing Utility Companies during this chapter 11 case. To the extent the Debtor still utilizes certain Utility Services and Utility Companies postpetition, the Debtor believes that the Debtor's proposed debtor-in-possession financing facility and cash generated from the collection of accounts receivable will provide sufficient liquidity to pay the Debtor's Utility Services obligations in accordance with prepetition practice.

11.    To provide additional assurance of payment, the Debtor proposes to deposit into a bank account $110,750 (the "Adequate Assurance Deposit"), which represents an amount equal to one-half of the Debtor's approximate monthly payment for all Utility Services, calculated based on the Debtor's historical average expenses over the past twelve months. The Adequate Assurance Deposit will be held in the segregated account for the duration of this chapter 11 case and may be applied to any postpetition defaults in payment to the Utility Companies. The Adequate Assurance Deposit will be placed into a newly created, segregated account (the "Utility Deposit Account") within (20) days after the Petition Date. The Adequate Assurance Deposit, in conjunction with the Debtor's ability to pay for future utility services in accordance with prepetition practice (collectively, the "Proposed Adequate Assurance"), constitutes

4

sufficient adequate assurance to the Utility Companies in full satisfaction of section 366 of the Bankruptcy Code.

### III.    Adequate Assurance Procedures

12.    Any Utility Company that is not satisfied with the Proposed Adequate Assurance may make a request for additional or different adequate assurance of future payment (each an "Adequate Assurance Request") pursuant to the following adequate assurance procedures (also set forth in the proposed orders attached hereto as **Exhibit A** and **Exhibit B** (the "Adequate Assurance Procedures")):

> a)    Any Utility Company that objects to the Debtor's Proposed Adequate Assurance must serve an Adequate Assurance Request on: (i) the Debtor, Outer Harbor Terminal, LLC, 1599 Maritime Street, Oakland, CA 94607 Attn: Heather Stack, Chief Financial Officer; (ii) proposed counsel for the Debtor, Milbank, Tweed, Hadley & McCloy LLP, 601 South Figueroa Street, Los Angeles, CA 90017 Attn: Gregory A. Bray, Esq., Thomas R. Kreller, Esq., and Haig M. Maghakian, Esq. and Richards, Layton & Finger, P.A., 920 North King Street, Wilmington DE 19801 Attn: Mark D. Collins, Esq. (together, the "Request Notice Parties").

> b)    Any Adequate Assurance Request must: (i) be made in writing; (ii) identify the location for which Utility Services are provided; (iii) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits; (iv) explain why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment; and (v) be served on the Request Notice Parties.

> c)    The Debtor is authorized to resolve, in its sole discretion, any Adequate Assurance Request by mutual agreement with a Utility Company and without further order of the Court and, in connection with any such agreement, in its sole discretion, provide a Utility Company with additional and/or alternative adequate assurance of payment, including cash deposits, payments of prepetition balances, prepayments, or other forms of security, if the Debtor believes such alternative assurance is reasonable.

> d)    If the Debtor determines that an Adequate Assurance Request is unreasonable, or is not able to resolve such request during the Resolution Period, then the Debtor shall, within thirty (30) days

after Debtor's receipt of the Adequate Assurance Request or such longer period as agreed to between the Debtor and the requesting Utility Company, file a motion (the "Determination Motion") pursuant to section 366(c)(3) of the Bankruptcy Code seeking a determination from the Court that the Adequate Assurance Deposit, plus any additional consideration offered by the Debtor, constitutes adequate assurance of payment.  Pending notice and a hearing on the Determination Motion, the Utility Company that is the subject of the unresolved Adequate Assurance Request may not alter, refuse, or discontinue services to the Debtor.

## IV.    Modifications to the Utility Services List

13.    To the extent the Debtor identifies new Utility Companies or discontinues services from existing Utility Companies, the Debtor seeks authority, in its sole discretion, to add or remove parties from the Utility Services List.  For any Utility Company that is subsequently added to the Utility Services List, the Debtor will serve such Utility Company with a copy of the Court's order regarding Utility Services, including the Adequate Assurance Procedures.  The Debtor will increase the amount of the Adequate Assurance Deposit in the event an additional Utility Company is added to the Utility Services List by an amount equal to one-half (1/2) of a month of Utility Services provided by such additional Utility Company.  The Debtor requests that the terms of that order and the Adequate Assurance Procedures apply to any subsequently identified Utility Company, provided that such Utility Company shall be permitted to serve an Adequate Assurance Request as provided in the Adequate Assurance Procedures.  For any Utility Company that is removed from the Utility Services List, the Debtor requests that it be permitted to subtract from the Adequate Assurance Deposit an amount equal to one-half (1/2) of a month of Utility Services provided by such Utility Company.

## Relief Requested

14.    The Debtor seeks entry of an Interim Order, substantially in the form attached hereto as **Exhibit A**, and a Final Order, substantially in the form attached hereto as **Exhibit B**:

(i) determining adequate assurance of payment for future utility services; (ii) prohibiting Utility Companies from altering, refusing, or discontinuing services; (iii) establishing procedures for determining adequate assurance of payment; (iv) scheduling a final hearing; and (v) granting certain related relief.  In addition, the Debtor requests that the Court schedule a hearing to consider the relief requested herein on a final basis.

### Basis For Relief

15.    As discussed above, section 366 of the Bankruptcy Code protects a debtor against the immediate termination or alteration of utility services after the Petition Date.  See 11 U.S.C. § 366.  Section 366(c) requires the debtor to provide "adequate assurance" of payment for postpetition services in a form "satisfactory" to the utility company within thirty (30) days of the petition, or the utility company may alter, refuse, or discontinue service.  11 U.S.C. § 366(c)(2). Section 366(c)(1) enumerates what constitutes "assurance of payment."  11 U.S.C. §366 (c)(1). Specifically, section 366(c)(1)(A)(i) provides that a "case deposit," such as the Adequate Assurance Deposit, constitutes "assurance of payment."

16.    Although assurance of payment must be "adequate," it need not constitute an absolute guarantee of the debtor's ability to pay.  See, e.g., Long Island Lighting Co. v. Great Atl. & Pac. Tea Co. (In re The Great Atl. & Pac. Tea Co.), No. 11-CV-1338 (CS), 2011 WL 5546954, at *5 (Bankr. S.D.N.Y. Nov. 14, 2011) (finding that "[c]ourts will approve an amount that is adequate enough to insure against unreasonable risk of nonpayment, but are not required to give the equivalent of a guaranty of payment in full.").

17.    When considering whether a given assurance of payment is "adequate," the Court should examine the totality of the circumstances to make an informed decision as to whether the Utility Company will be subject to an unreasonable risk of nonpayment.  See In re Keydata Corp., 12 B.R. 156, 158 (B.A.P. 1st Cir. 1981) (citation omitted); In re Adelphia Bus. Solutions,

Inc., 280 B.R. 63, 82-83 (Bankr. S.D.N.Y. 2002).  However, in determining the level of adequate

assurance, "a bankruptcy court must focus upon the need of the utility for assurance, and . . .

require that the debtor supply no more than that, since the debtor almost perforce has a

conflicting need to conserve scarce financial resources."  Virginia Elec. & Power Co. v. Caldor,

Inc.-New York, 117 F.3d 646, 650 (2d Cir. 1997) (internal quotations omitted) (citation omitted).

18.     Here, the Utility Companies are adequately assured against any risk of

nonpayment for future services.  The Adequate Assurance Deposit, coupled with the Debtor's

proposed debtor-in-possession financing and ability to collect outstanding customer receivables,

provide assurance of the Debtor's payment of its future obligations.  Moreover, termination of

the Utility Services could seriously impede the Debtor's ability to implement a safe and efficient

wind-down of its operations during this chapter 11 case according to its strategic plan.  Cf. In re

Monroe Well Serv., Inc., 83 B.R. 317, 321-22 (Bankr. E.D. Pa. 1988) (noting that without utility

service debtors "would have to cease operations" and that section 366 of the Bankruptcy Code

"was intended to limit the leverage held by utility companies, not increase it").

19.     Courts are permitted to fashion reasonable procedures, such as the Adequate

Assurance Procedures proposed herein, to implement the protections afforded under section 366

of the Bankruptcy Code.    See, e.g., In re Circuit City Stores Inc., No. 08-35653, 2009

WL 484553, at *5 (Bankr. E.D. Va. Jan. 14, 2009).  Such procedures are important because,

without them, the Debtor "could be forced to address numerous requests by utility companies in

an unorganized manner at a critical period in their efforts to reorganize."   Id.   Here,

notwithstanding a determination that the Debtor's Proposed Adequate Assurance constitutes

sufficient adequate assurance, any rights the Utility Companies believe they have under

sections 366(b) and (c)(2) are wholly preserved under the Adequate Assurance Procedures.  See

8

id. at *5-6.   The Utility Companies still may, in accordance with the Adequate Assurance Procedures, request modification of the Proposed Adequate Assurance.   See id. at *6.   The Adequate Assurance Procedures, however, avoid a disorganized and unpredictable process whereby each Utility Company could make an extortionate, last-minute demand for adequate assurance that would force the Debtor to pay under the threat of losing critical Utility Services. See id. at *5.

20.   Because the Adequate Assurance Procedures are reasonable and in accord with the purposes of section 366 of the Bankruptcy Code, the Court should grant the relief requested herein.   Further, the Court possesses the power, under section 105(a) of the Bankruptcy Code, to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).   The Adequate Assurance Procedures and the Proposed Adequate Assurance are necessary and appropriate to carry out the provisions of the Bankruptcy Code, particularly section 366.   Accordingly, the Court should exercise its powers under sections 366 and 105(a) of the Bankruptcy Code and approve both the Adequate Assurance Procedures and the Proposed Adequate Assurance.

**Reservation of Rights**

21.   Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtor, a waiver of the Debtor's right to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.   The Debtor expressly reserves its rights to contest any claim related to the relief sought herein.   Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtor's right to subsequently dispute such claim.

## **Waiver of Bankruptcy Rule 6004(a) and 6004(h)**

22.    To implement the foregoing successfully, the Debtor requests that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtor has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## **Notice**

23.    The Debtor will provide notice of this Motion to:  (i) the Office of the United States Trustee for the District of Delaware; (ii) the holders of the 20 largest unsecured claims; (iii) any banking or financial institutions that hold the Debtor's accounts; (iv) any Utility Company listed on **Exhibit 1** to the proposed orders attached hereto; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002(i).  As this Motion is seeking "first day" relief, notice of this Motion and any order entered hereon will be served on all parties required by Local Rule 9013-1(m).  The Debtor submits that, in light of the nature of the relief requested and the urgency of the circumstances surrounding this Motion, no other or further notice need be given.

## **No Prior Request**

24.    The Debtor has not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtor respectfully requests entry of an Interim Order, substantially in the form attached hereto as **Exhibit A**, and a Final Order, substantially in the form attached hereto as **Exhibit B**:  (i) determining adequate assurance of payment for future utility services; (ii) prohibiting Utility Companies from altering, refusing, or discontinuing services; (iii) establishing procedures for determining adequate assurance of payment; (iv) scheduling a final hearing; and (v) granting such further relief as may be appropriate and proper.

Dated:  February 1, 2016                    Respectfully submitted,
Wilmington, Delaware

                                            **RICHARDS, LAYTON & FINGER, P.A.**

                                            /s/ Mark D. Collins
                                            Mark D. Collins (No. 2981)
                                            Marisa A. Terranova Fissel (No. 5396)
                                            One Rodney Square
                                            920 North King Street
                                            Wilmington, DE 19801
                                            Telephone:    (302) 651-7700
                                            Facsimile:    (302) 651-7701
                                            Email:        collins@rlf.com
                                                          terranova@rlf.com

                                            -and-

                                            **MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**
                                            Gregory A. Bray (*pro hac vice* admission pending)
                                            Thomas R. Kreller (*pro hac vice* admission pending)
                                            Haig M. Maghakian (*pro hac vice* admission pending)
                                            601 S. Figueroa Street, 30th Floor
                                            Los Angeles, CA 90017
                                            Telephone:    (213) 892-4000
                                            Facsimile:    (213) 629-5063
                                            Email:        gbray@milbank.com
                                                          tkreller@milbank.com
                                                          hmaghakian@milbank.com

                                                    -and-

                                            Dennis F. Dunne
                                            Samuel A. Khalil
                                            28 Liberty Street
                                            New York, NY 10005
                                            Telephone:    (212) 530-5000
                                            Facsimile:    (212) 530-5219
                                            Email:        ddunne@milbank.com
                                                          skhalil@milbank.com

                                            *Proposed Counsel to Debtor and Debtor in Possession*

## <u>Exhibit A</u>

**Proposed Form of Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------  x
                                                        :
In re:                                                  :    Chapter 11
                                                        :
OUTER HARBOR TERMINAL, LLC,[1]                          :    Case No. 16-10283 (LSS)
                                                        :
                                                        :
                             Debtor.                    :
------------------------------------------------------  x
```

**INTERIM ORDER (I) DETERMINING ADEQUATE ASSURANCE OF PAYMENT**
**FOR FUTURE UTILITY SERVICES; (II) PROHIBITING UTILITY COMPANIES**
**FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES;**
**(III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE**
**ASSURANCE OF PAYMENT; AND (IV) SCHEDULING A FINAL HEARING**

Upon consideration of the motion (the "Motion")[2] of  Outer Harbor Terminal, LLC, the

debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case, seeking

entry of an interim order (this "Interim Order"):  (i) determining adequate assurance of payment

for future utility services; (ii) prohibiting utility companies from altering, refusing, or

discontinuing services; (iii) establishing procedures for determining adequate assurance of

payment; (iv) scheduling a final hearing; and (v) granting certain related relief, all as more fully

set forth in the Motion; and upon consideration of the First Day Declaration; and this Court

having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court

having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court

may enter a final order consistent with Article III of the United States Constitution; and this

Court having found that venue of this proceeding and the Motion in this district is proper

pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in

---

[1]   The last four digits of the Debtor's federal tax identification number are 2070.  The Debtor's principal place of
      business is located at 1599 Maritime Street, Oakland, CA 94607.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

the Motion is in the best interests of the Debtor's estates, creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.

2.      Until such time as the Final Order is entered, all Utility Companies, including without limitation those listed on **Exhibit 1** attached hereto, are prohibited from altering, refusing or discontinuing Utility Services or otherwise discriminating against the Debtor on account of any unpaid prepetition charges or any perceived inadequacy of the Debtor's Proposed Adequate Assurance.

3.      The Debtor shall cause the Adequate Assurance Deposit in the amount of $110,750 to be deposited into a newly created, segregated account for the benefit of the Utility Companies (the "Utility Deposit Account") within twenty (20) days after the Petition Date.

4.      The Adequate Assurance Deposit, together with the Debtor's ability to pay for future utility services in the ordinary course of business, shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

5.      The following Adequate Assurance Procedures are approved on an interim basis:

        a)      Any Utility Company that objects to the Debtor's Proposed
                Adequate Assurance must serve an Adequate Assurance Request
                on: (i) the Debtor, Outer Harbor Terminal, LLC, 1599 Maritime
                Street, Oakland, CA 94607 Attn: Heather Stack, Chief Financial

Officer; (ii) proposed counsel for the Debtor, Milbank, Tweed, Hadley & McCloy LLP, 601 South Figueroa Street, Los Angeles, CA 90017 Attn:  Gregory A. Bray, Esq., Thomas R. Kreller, Esq., and Haig M. Maghakian, Esq. and Richards Layton & Finger, P.A., 920 North King Street, Wilmington, DE 19801, Attn: Mark. D. Collins, Esq. (together, the "Request Notice Parties").

b)    Any Adequate Assurance Request must:  (i) be made in writing; (ii) identify the location for which Utility Services are provided; (iii) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits; (iv) explain why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment; and (v) be served on the Request Notice Parties.

c)    The Debtor is authorized to resolve, in its sole discretion, any Adequate Assurance Request by mutual agreement with a Utility Company and without further order of the Court and, in connection with any such agreement, in its sole discretion, provide a Utility Company with additional and/or alternative adequate assurance of payment, including cash deposits, payments of prepetition balances, prepayments, or other forms of security, if the Debtor believes such alternative assurance is reasonable.

d)    If the Debtor determines that an Adequate Assurance Request is unreasonable, or is not able to resolve such request during the Resolution Period, then the Debtor shall, within thirty (30) days after Debtor's receipt of the Adequate Assurance Request or such longer period as agreed to between the Debtor and the requesting Utility Company, file a motion (the "Determination Motion") pursuant to section 366(c)(3) of the Bankruptcy Code seeking a determination from the Court that the Adequate Assurance Deposit, plus any additional consideration offered by the Debtor, constitutes adequate assurance of payment.  Pending notice and a hearing on the Determination Motion, the Utility Company that is the subject of the unresolved Adequate Assurance Request may not alter, refuse, or discontinue services to the Debtor.

6.    The Adequate Assurance Deposit shall be deemed adequate assurance of payment for any Utility Company that fails to make an Adequate Assurance Request as required by section 366 of the Bankruptcy Code and this Order.  Any Utility Company that fails to make an Adequate Assurance Request as required by section 366 of the Bankruptcy Code and the Adequate Assurance Procedures shall be prohibited from altering, refusing or discontinuing

Utility Services, including as a result of the Debtor's failure to pay charges for prepetition Utility Services or to provide adequate assurance of payment in addition to the Proposed Adequate Assurance.

7.      Any Adequate Assurance Deposit provided to or for the benefit of any Utility Company  pursuant to the Adequate Assurance Procedures shall automatically, without further Court order, be returned to the Debtor, if not already returned, or released to the Debtor from the Utility Deposit Account, as applicable, at the earlier of: (i) entry of an order of the Court authorizing the return and/or release to the Debtor of the Adequate Assurance Deposit, and (ii) the effective date of a chapter 11 plan for the Debtor.

8.      The Debtor is authorized, in its sole discretion, to amend the Utility Services List to identify additional Utility Companies.  For Utility Companies that are added to the Utility Services List, the Debtor will cause a copy of this Interim Order (or the Final Order following its entry), including the Adequate Assurance Procedures, to be served on such subsequently added Utility Company.  Any Utility Company subsequently added to the Utility Services List shall be bound by the Adequate Assurance Procedures, provided that such Utility Company shall be permitted to serve an Adequate Assurance Request as provided in the Adequate Assurance Procedures.  The Debtor shall increase the amount of the Adequate Assurance Deposit in the event an additional Utility Company is added to the Utility Services List by an amount equal to one-half (1/2) of a month of Utility Services Provided by such additional Utility Company.  For the avoidance of doubt, the relief granted herein is for all Utility Companies providing Utility Services to the Debtor and is not limited to those parties or entities listed on the Utility Services List.

9.      The Debtor is authorized to amend the Utility Services List to the extent the Debtor terminates the services of any Utility Company.  For any Utility Company that is removed from the Utility Services List, the Debtor may subtract from the Adequate Assurance Deposit an amount equal to one-half (1/2) of a month of Utility Services provided by such Utility Company.

10.      The inclusion on or omission from the Utility Service List of any entity shall not constitute an admission or concession that such entity is or is not a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtor reserves all rights and defenses with respect thereto.

11.      Notwithstanding anything in the Motion or this Interim Order to the contrary, any payment made by the Debtor pursuant to the authority granted herein shall be subject to any order authorizing the Debtor's access to and use of cash collateral and postpetition debtor-in-possession financing.

12.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtor, a waiver of the Debtor's rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

13.      Adequate notice of and opportunity for a Hearing on the Motion has been provided.  Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

14.     Notwithstanding any applicability Bankruptcy Rules 6004(h), 7062 or 9014, the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

15.     No later than two (2) business days after the date this Interim Order is entered, the Debtor shall cause this Interim Order to be served via first class U.S. mail on the following parties:  (i) the Office of the United States Trustee for the District of Delaware; (ii) the holders of the 20 largest unsecured claims; (iii) any banking or financial institutions that hold the Debtor's accounts; (iv) any Utility Company listed on the Utility Services List; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002(i).

16.     The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2016, at __:___ __.m. Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m. Eastern Time on _____, 2016, and served on the following parties:  (i) proposed co-counsel for the Debtor, (a) Milbank, Tweed, Hadley & McCloy LLP, 601 Figueroa Street, Los Angeles, California, 90017, Attn:   Gregory A. Bray, Esq., Thomas R. Kreller, Esq., and Haig M. Maghakian, Esq., and (b) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attn: Mark D. Collins, Esq.; (ii) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Jane Leamy, Esq.; and (iii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

17.     The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

18.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated:  February ____, 2016
            Wilmington, Delaware

_____
THE HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1 to Interim Order**

**Utility Services List**

**Utility Services List**

| Provider Name | Utility Contact Address | Service(s) Provided | Account Number(s) |
|---|---|---|---|
| Asbury Environmental Services | P.O. Box 843021<br>Los Angeles, CA 90084-3021 | Removal and disposal of hazardous materials | CAL00349337 (Customer EPA Number) |
| East Bay Municipal Utility District | P.O. Box 1000<br>Oakland, CA 94649-0001 | Water/sewer | 10937300001<br>10937600001<br>10937800001<br>10999700001<br>10999800001<br>11003500001<br>11004500001<br>11004600001<br>11007700001<br>20214461056<br>31510700001<br>31524900001<br>31525000001<br>55454400001 |
| Waste Management of Alameda County | 172 98th Avenue<br>Oakland, CA 94603 | Removal and disposal of waste/trash | 065-4388708-2216-2<br>699-0008780-2216-9 |
| Pacific Gas & Electric Company | P.O. Box 997300<br>Sacramento, CA 95899-7300 | Electricity/gas | 7310973254-2 |
| United Site Services of California | P.O. Box 53267<br>Phoenix, AZ 85072-3267<br><br>P.O. Box 9131<br>Foxboro, MA 02035-9131 | Porto-potty services | USS-154121 |

**<u>Exhibit B</u>**

**Proposed Form of Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------- x
                                       :

In re:                              :         Chapter 11
                                         :

OUTER HARBOR TERMINAL, LLC,[1]     :         Case No. 16-10283 (LSS)
                                         :
                                         :

                     Debtor.         :
------------------------------------------------------- x

**FINAL ORDER (I) DETERMINING ADEQUATE ASSURANCE OF**
**PAYMENT FOR FUTURE UTILITY SERVICES; (II) PROHIBITING**
**UTILITY COMPANIES FROM ALTERING, REFUSING, OR**
**DISCONTINUING SERVICES; AND (III) ESTABLISHING**
**PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT**

Upon consideration the motion (the "Motion")[2] of  Outer Harbor Terminal, LLC, the debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case, seeking entry of a final order (the "Order"):  (i) determining adequate assurance of payment for future utility services; (ii) prohibiting utility companies from altering, refusing, or discontinuing services; and (iii) establishing procedures for determining adequate assurance of payment; and (iv) granting certain related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best

---

[1]     The last four digits of the Debtor's federal tax identification number are 2070.  The Debtor's principal place of business is located at 1599 Maritime Street, Oakland, CA 94607.

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

interests of the Debtor's estate, creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at hearings before this Court (the "Hearings"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearings establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      The Adequate Assurance Deposit, together with the Debtor's ability to pay for future utility services in the ordinary course of business, shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

3.      Any Utility Company not in compliance with the below Adequate Assurance Procedures shall be not be permitted to alter, refuse or discontinue service or demand adequate assurance other than as provided in this Order:

a)      Any Utility Company that objects to the Debtor's Proposed Adequate Assurance must serve an Adequate Assurance Request on:  (i) the Debtor, Outer Harbor Terminal, LLC, 1599 Maritime Street, Oakland, CA 94607 Attn: Heather Stack, Chief Financial Officer; (ii) proposed counsel for the Debtor, Milbank, Tweed, Hadley & McCloy LLP, 601 South Figueroa Street, Los Angeles, CA 90017 Attn:  Gregory A. Bray, Esq., Thomas R. Kreller, Esq., and Haig M. Maghakian, Esq. and Richards Layton & Finger, P.A., 920 North King Street, Wilmington, DE 19801, Attn: Mark. D. Collins, Esq. (together, the "Request Notice Parties").

b)      Any Adequate Assurance Request must:  (i) be made in writing; (ii) identify the location for which Utility Services are provided; (iii) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits; (iv) explain why the Utility Company believes the Proposed Adequate

2

Assurance is not sufficient adequate assurance of future payment; and (v) be served on the Request Notice Parties.

c)    The Debtor is authorized to resolve, in its sole discretion, any Adequate Assurance Request by mutual agreement with a Utility Company and without further order of the Court and, in connection with any such agreement, in its sole discretion, provide a Utility Company with additional and/or alternative adequate assurance of payment, including cash deposits, payments of prepetition balances, prepayments, or other forms of security, if the Debtor believes such alternative assurance is reasonable.

d)    If the Debtor determines that an Adequate Assurance Request is unreasonable, or is not able to resolve such request during the Resolution Period, then the Debtor shall, within thirty (30) days after Debtor's receipt of the Adequate Assurance Request or such longer period as agreed to between the Debtor and the requesting Utility Company, file a motion (the "Determination Motion") pursuant to section 366(c)(3) of the Bankruptcy Code seeking a determination from the Court that the Adequate Assurance Deposit, plus any additional consideration offered by the Debtor, constitutes adequate assurance of payment.  Pending notice and a hearing on the Determination Motion, the Utility Company that is the subject of the unresolved Adequate Assurance Request may not alter, refuse, or discontinue services to the Debtor.

4.    The Adequate Assurance Deposit shall be deemed adequate assurance of payment for any Utility Company that fails to make an Adequate Assurance Request as required by section 366 of the Bankruptcy Code and this Order.  Any Utility Company that fails to make an Adequate Assurance Request as required by section 366 of the Bankruptcy Code and the Adequate Assurance Procedures shall be prohibited from altering, refusing or discontinuing Utility Services, including as a result of the Debtor's failure to pay charges for prepetition Utility Services or to provide adequate assurance of payment in addition to the Proposed Adequate Assurance.

5.    Any Adequate Assurance Deposit provided to or for the benefit of any Utility Company  pursuant to the Adequate Assurance Procedures shall automatically, without further Court order, be returned to the Debtor, if not already returned, or released to the Debtor from the

Utility Deposit Account, as applicable, at the earlier of: (i) entry of an order of the Court authorizing the return and/or release to the Debtor of the Adequate Assurance Deposit, and (ii) the effective date of a chapter 11 plan for the Debtor.

6.      The Debtor is authorized, in its sole discretion, to amend the Utility Services List, attached hereto as **Exhibit 1**, to identify additional Utility Companies.  For Utility Companies that are added to the Utility Services List, the Debtor will cause a copy of this  Order, including the Adequate Assurance Procedures, to be served on such subsequently added Utility Company. Any Utility Company subsequently added to the Utility Services List shall be bound by the Adequate Assurance Procedures, provided that such Utility Company shall be permitted to serve an Adequate Assurance Request as provided in the Adequate Assurance Procedures.  The Debtor shall increase the amount of the Adequate Assurance Deposit in the event an additional Utility Company is added to the Utility Services List by an amount equal to one-half (1/2) of a month of Utility Services Provided by such additional Utility Company.  For the avoidance of doubt, the relief granted herein is for all Utility Companies providing Utility Services to the Debtor and is not limited to those parties or entities listed on the Utility Services List.

7.      The Debtor is authorized to amend the Utility Services List to the extent the Debtor terminate the services of any Utility Company.  For any Utility Company that is removed from the Utility Services List, the Debtor may subtract from the Adequate Assurance Deposit an amount equal to one-half (1/2) of a month of Utility Services provided by such Utility Company.

8.      The inclusion on or omission from the Utility Service List of any entity shall not constitute an admission or concession that such entity is or is not "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtor reserves all rights and defenses with respect thereto.

9.      Notwithstanding anything in the Motion or this Order to the contrary, any payment made by the Debtor pursuant to the authority granted herein shall be subject to any order authorizing Debtor's access to and use of cash collateral and postpetition debtor-in-possession financing.

10.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtor, a waiver of the Debtor's rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

11.      Adequate notice of and opportunity for Hearings on the Motion and the request for entry of this Order have been provided.  Such notice satisfies the requirements of Bankruptcy Rule 6004(a).

12.      Notwithstanding any applicability Bankruptcy Rules 6004(h), 7062 or 9014, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13.      No later than two (2) business days after the date this Order is entered, the Debtor shall cause this Order to be served via first class U.S. mail on the following parties:  (i) the Office of the United States Trustee for the District of Delaware; (ii) the holders of the 20 largest unsecured claims; (iii) any banking or financial institutions that hold the Debtor's accounts; (iv) any Utility Company listed on the Utility Services List; (v) counsel for any official committees that have been appointed in this chapter 11 case; and (vi) any party that has requested notice pursuant to Bankruptcy Rule 2002(i).

14.     The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

15.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2016
        Wilmington, Delaware
                                    _____
                                    THE HONORABLE LAURIE SELBER SILVERSTEIN
                                    UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1 to Final Order</u>**

**Utility Services List**

**Utility Services List**

| Provider Name | Utility Contact Address | Service(s) Provided | Account Number(s) |
|---|---|---|---|
| Asbury Environmental Services | P.O. Box 843021 Los Angeles, CA 90084-3021 | Removal and disposal of hazardous materials | CAL00349337 (Customer EPA Number) |
| East Bay Municipal Utility District | P.O. Box 1000 Oakland, CA 94649-0001 | Water/sewer | 10937300001<br>10937600001<br>10937800001<br>10999700001<br>10999800001<br>11003500001<br>11004500001<br>11004600001<br>11007700001<br>20214461056<br>31510700001<br>31524900001<br>31525000001<br>55454400001 |
| Waste Management of Alameda County | 172 98th Avenue Oakland, CA 94603 | Removal and disposal of waste/trash | 065-4388708-2216-2<br>699-0008780-2216-9 |
| Pacific Gas & Electric Company | P.O. Box 997300 Sacramento, CA 95899-7300 | Electricity/gas | 7310973254-2 |
| United Site Services of California | P.O. Box 53267 Phoenix, AZ 85072-3267<br><br>P.O. Box 9131 Foxboro, MA 02035-9131 | Porto-potty services | USS-154121 |