**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------ x
                                                 :
In re:                                           :   Chapter 11
                                                 :
OUTER HARBOR TERMINAL, LLC,[1]                   :   Case No. 16-10283 (LSS)
                                                 :
                                                 :
                    Debtor.                      :   Re: Docket No. 136
------------------------------------------------ x
```

## ORDER APPROVING DEBTOR'S MOTION FOR AN ORDER (I) AUTHORIZING (A) SALE AT PUBLIC AUCTIONS OF CERTAIN EQUIPMENT AND MISCELLANEOUS PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, AND (B) ENTRY INTO AUCTION CONTRACT WITH RITCHIE BROTHERS AUCTIONEERS (AMERICA) INC., (II) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASES OF PERSONAL PROPERTY AND EXECUTORY CONTRACTS, AND (III) GRANTING CERTAIN RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of Outer Harbor Terminal, LLC, the debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case, seeking entry of an order (this "Order") (i) authorizing, but not directing, the Debtor to (a) sell certain equipment and miscellaneous property at public auctions free and clear of all liens, claims, encumbrances and interests, and (b) enter into an auction contract with Ritchie Bros. Auctioneers (America) Inc. ("Ritchie Bros." or the "Auctioneer") for the auction and sale of the Equipment, (ii) approving procedures for the Debtor's assumption and assignment of unexpired leases of personal property and executory contract, and (iii) granting certain related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding

---

[1] The last four digits of the Debtor's federal tax identification number are 2070. The Debtor's principal place of business is located at 1599 Maritime Street, Oakland, CA 94607.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and the First Day Declaration, and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is **GRANTED** to the extent set forth herein.

2. Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, the Debtor is authorized and empowered, with the assistance of the Auctioneer, to sell the Equipment at public auctions as set forth in the Auction Contract.

3. The Equipment shall be sold free and clear of all liens, claims, encumbrances, and other interests, under section 363(f) of the Bankruptcy Code, with any liens, claims, encumbrances, and interests attaching to the proceeds of the sale with the same validity, priority, force, and effect that they now have, and subject to any claims and defenses that the Debtor and its estate may possess with respect thereto.

4. The absence of an objection to the Motion shall be determined to be "consent" to the sale or transfer of the Equipment within the meaning of section 363(f)(2) of the Bankruptcy Code.

5. Pursuant to section 363(b) of the Bankruptcy Code, the Debtor is authorized to perform its obligations under and comply with the terms of the Auction Contract relating to the sale of the Equipment, and to consummate such sales, pursuant to and in accordance with the terms and conditions of the Auction Contract, as outlined herein.

6. The Debtor is authorized to execute and deliver, and empowered to consummate and implement the sale of the Equipment pursuant to the terms set forth in the Auction Contract, and execute and deliver, and perform under, any additional instruments and documents that the Debtor deem necessary or appropriate to implement such sales, and to take all further actions as may be necessary or appropriate to the performance of the obligations as contemplated thereby

7. The Debtor shall not be required to file a separate motion or seek court approval for any sale or other disposition of any Equipment, or any group or lot of Equipment, which are authorized to be sold pursuant to the terms set forth in the Auction Contract.

8. Ritchie Bros. shall not be subject to any compensation procedures established for professionals in this chapter 11 case. Ritchie Bros.'s commission for the sale of the Equipment shall equal 9.75% of the gross proceeds from the sale of the Equipment, with a minimum commission of $100.00 per lot. The Debtor is authorized to pay Ritchie Bros. fees and expenses in accordance with the terms of the Auction Contract when the fees and expenses come due and without the necessity of filing an interim application for compensation with the Court and without further order of the Court. After the auctions are held, the Debtor shall file a report

with the Court attaching a statement from Ritchie Bros. that identifies the Equipment that was sold at such auctions and the commissions Ritchie Bros. earned and/or was paid with respect to such Equipment sold.

9. The indemnification obligations of the Debtor set forth in the Auction Contract are approved, subject during the pendency of this chapter 11 case to the following:

   a. Ritchie Bros. shall not be entitled to indemnification, contribution or reimbursement pursuant to the Auction Contract for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

   b. The Debtor shall have no obligation to indemnify Ritchie Bros., or provide contribution or reimbursement to Ritchie Bros., for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Ritchie Bros.'s gross negligence, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtor alleges the breach of Ritchie Bros.'s contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Company, et al., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to Ritchie Bros.'s gross negligence, willful misconduct, breach of fiduciary duty, or bad faith or self-dealing but determined by this Court, after notice and a hearing to be a claim or expense for which Ritchie Bros. should not receive indemnity, contribution or reimbursement under the terms of the Auction Contract as modified by this Order;

   c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing this chapter 11 case, Ritchie Bros. believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the Auction Contract (as modified by this Order), including without limitation the advancement of defense costs, Ritchie Bros. must file an application therefore in this Court, and the Debtor may not pay any such amounts to Ritchie Bros. before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Ritchie Bros. for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify Ritchie Bros.

All parties in interest shall retain the right to object to any demand by Ritchie Bros. for indemnification, contribution or reimbursement; and

d. Any limitation of liability or limitation on any amounts to be contributed by the parties to the Auction Contract under the terms of the Auction Contract shall be eliminated.

10. Pursuant to sections 105(a) and 365 of the Bankruptcy Code, the Debtor's assumption and assignment of any Leases and Contracts, in accordance with the following procedures (the "Assignment Procedures") is hereby approved:

    a. Authority to Assume and Assign the Leases.

        (i) The Debtor is authorized to assume and assign any Leases or Contracts that the Debtor determines in the reasonable exercise of its business judgment that such assignment is in the best interest of the estate, subject to the procedures set forth herein.

        (ii) Any assignee of a Lease or Contract shall assume all obligations of such Lease or Contract. The failure of a contract counterparty to object to such proposed assumption and assignment according to the objection procedures described below shall be deemed consent to the proposed assumption and assignment to the assignee.

    b. Notice Parties:

        (i) Debtor Notice Parties. For purposes of the Assignment Procedures, the "Debtor Notice Parties" are: (i) the Debtor, c/o Outer Harbor Terminal, LLC, 1599 Maritime Street, Oakland, CA 94607 (Attn: Heather Stack, Chief Financial Officer); and (ii) counsel to the Debtor, (a) Milbank, Tweed, Hadley & McCloy LLP, 601 S. Figueroa Street, 30th Floor, Los Angeles, CA 90017 (Attn: Gregory A. Bray, Esq., Thomas R. Kreller, Esq., and Haig M. Maghakian, Esq.), (b) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Mark D. Collins, Esq.).

        (ii) Assignment Notice Parties. For purposes of the Assignment Procedures, the "Assignment Notice Parties" are: (i) the United States Trustee for the District of Delaware (the "U.S. Trustee"), (ii) counsel for any official

5

committee appointed in this chapter 11 case, (iii) counsel for the agent for Debtor's postpetition lenders, (iv) all affected Lease or Contract counterparties with respect to the proposed assignment and their counsel, if known, and (v) all parties who have requested notice under Bankruptcy Rule 2002.

    c.    <u>Assignment Notice</u>:

        (i)    The Debtor shall, at least ten (10) days prior to assuming and assigning any Lease or Contract file and serve a written notice, substantially in the form attached to the Motion as <u>Exhibit C</u>, of such proposed assignment by e-mail, facsimile, or overnight delivery service (each notice, an "<u>Assignment Notice</u>") to each of the Assignment Notice Parties.

        (ii)    Each Assignment Notice shall specify, among other things, (i) the Lease or Contract to be assumed and assigned, (ii) the proposed third party to whom the Lease or contract will be assigned (and any relationship such party has with the Debtor), (iii) the proposed effective date of such assumption and assignment (the "<u>Assignment Effective Date</u>"), (iv) the proposed monetary consideration to be paid by the third-party assignee, (v) the proposed amount to cure any defaults under such Lease or Contract, (vi) a certification that any proposed assignee has demonstrated to the Debtor the financial wherewithal and willingness to perform under such Lease or Contract, and (vii) the date and time within which objections to such proposed assumption and assignment may be filed and served on the Debtor.

    d.    <u>Objection Procedures</u>:

        (i)    Should an Assignment Notice Party object to the proposed assumption and assignment of a Lease or Contract, including with respect to any proposed cure amount, such party must file and serve a written objection, so that such objection is filed with this Court and actually received by the Debtor Notice Parties and other Assignment Notice Parties no later than ten (10) days after the date that the Debtor serves the Assignment Notice.

        (ii)    If a timely objection is filed that cannot be resolved, the Debtor would not proceed with the proposed assumption and assignment of the Lease or Contract but would instead,

in its discretion, either (i) not seek to consummate the proposed assumption and assignment or (ii) seek Court approval of the proposed assumption and assignment upon an expedited notice and hearing, subject to the Court's availability.

e. <u>Event of No Objection</u>:

If no written objections are filed by any of the Assignment Notice Parties within ten (10) days of service of such Assignment Notice in accordance with these procedures, then (i) the Debtor is authorized to consummate such assumption and assignment to the proposed assignee; (ii) the Debtor's proposed cure amount will be binding upon each non-Debtor party to such Lease or Contract for all purposes in this chapter 11 case and no additional cure amounts shall be due; (iii) each non-Debtor party to such executory contract or unexpired lease will be deemed to have received adequate assurance of future performance; (iv) the effective date of such assumption and assignment will be the Assignment Effective Date; and (v) the Debtor shall submit a proposed order to the Court granting the unopposed requested relief, together with a statement that there were no timely objections to the proposed relief.

11. Nothing in the Assignment Procedures shall prevent the Debtor, in its sole discretion, from seeking Court approval at any time of any proposed assumption and assignment of any Lease or Contract upon notice and a hearing.

12. With respect to the assumption and assignment of any Lease or Contract, the failure of a contract or lease counterparty to object to the proposed assumption and assignment pursuant to the objection procedures contained in the Assignment Procedures shall be deemed consent of the Debtor's assumption and the assignment of such Lease or Contract to the proposed assignee.

13. *Absent objection,* Any restrictions in any Lease or Contract, restrictive covenant, or similar documents purporting to limit, condition, or impair the Debtor's ability to assume, assign or assume and assign any Lease or Contract shall not be enforceable, nor shall any breach of any

such provisions in this chapter 11 case constitute a default under such Lease or Contract or provide a basis to terminate such Lease or Contract.

14. Adequate notice of and opportunity for a Hearing on the Motion has been provided. Such notice satisfies the requirements of Bankruptcy Rule 6004(a).

15. Notwithstanding Bankruptcy Rules 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

16. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

17. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: March 16, 2016
Wilmington, Delaware

THE HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE