IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| OUTER HARBOR TERMINAL, LLC,[1] | ) Case No. 16-10283 (LSS) |
| Debtor. | ) Re: Docket Nos. 104 & 161 |

## ORDER APPROVING (I) SETTLEMENT AGREEMENT WITH THE PORT OF OAKLAND, (II) REJECTION OF AGREEMENTS WITH THE PORT OF OAKLAND AND (III) ABANDONMENT OF SURPLUS ASSETS

Upon consideration of the motion (the "Motion")[2] of Outer Harbor Terminal, LLC, the debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case, seeking entry of an order (this "Order") (i) approving the Settlement Agreement (the "Settlement Agreement"), dated as of February 20, 2016, by and between the Debtor, the Members and the City of Oakland, a municipal corporation, acting by and through its Board of Port Commissioners (the "Port"), and (ii) subject to the terms and conditions of the Settlement Agreement, (a) approving the Debtor's rejection of each of the Port Agreements as of the Rejection Date and (b) authorizing the Debtor to abandon the Surplus Assets as of the Rejection Date; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate,

---

[1] The last four digits of the Debtor's federal tax identification number are 2070. The Debtor's principal place of business is located at 1599 Maritime Street, Oakland, CA 94607.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the Settlement Agreement (defined below), as applicable.

its creditors, and other parties in interest and, among other things, will allow the Debtor's estate to realize significant benefits including the mitigation of potentially significant prepetition rejection damage claims that could be asserted by the Port; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and the First Day Declaration, and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Settlement Agreement, a copy of which is attached hereto as **Exhibit 1**, is approved in all respects, and the terms of the Settlement Agreement shall be deemed incorporated into this Order.

3. Subject to the terms and conditions of the Settlement Agreement, the Debtor's rejection of each of the Port Agreements is approved as of the Rejection Date.

4. Notwithstanding anything to the contrary in the Settlement Agreement, the Surplus Assets shall be deemed to include those certain rubber tyred gantry cranes associated with the following identification and serial numbers: (i) RTGTT15 (serial number 1531), (ii) RTGTT16 (serial number 1532), (iii) RTGTT17 (serial number 1534), and (iv) RTGTT18 (serial number 1535) (collectively, the "RTGs").

5. Upon the occurrence of the Rejection Date, the Debtor shall be deemed to have abandoned the Surplus Assets, all free and clear of all liens, claims and encumbrances by or of

RLF1 14109611v.2

the Debtor or the Members; *provided, however*, that the RTGs shall be deemed abandoned immediately upon the entry of this Order. The Port may dispose of the Surplus Assets (or any part thereof) in any manner that the Port determines, as a matter of its sole discretion, to be appropriate.

6. Except as otherwise set forth in the Settlement Agreement, any property of the Debtor remaining on the Premises after the Rejection Date shall be deemed abandoned by the Debtor as of the Rejection Date and the Port may dispose of the same (or any part thereof) in any manner that the Port determines, as a matter of the Port's sole discretion, to be appropriate.

7. This Order shall constitute an order of the Court, subject to the satisfaction of conditions precedent to the payment of rent for March 2016, directing the timely release from escrow of the Segregated Rent and payment of the Segregated Rent to the Port.

8. Adequate notice of and opportunity for a Hearing on the Motion has been provided. Such notice satisfies the requirements of Bankruptcy Rule 6004(a).

9. Notwithstanding any applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: March 16, 2016
Wilmington, Delaware

THE HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

RLF1 14109611v.2